# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**MAURICE LAMONT McCRORY**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:13-CR-98

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
  - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
  - ☐ under 18 U.S.C.§924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 35 years old. He has a continuous criminal record going back to age 13 and was incarcerated in the Michigan Department of Corrections from age 17 to 20 and from 24 to 28. He has no meaningful work history and may receive social security disability for mental health problems, although he did not reveal this information during his pretrial interview. It is clear, however, that defendant has a substantial drug abuse problem and will regularly go on two to four-day binges. He has routinely used alcohol, cannabinoids and cocaine several days a week since the age of 14. He has used heroin 4 to 5 times monthly since the age of 30. He used methamphetamine two weeks ago and has used (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that there is no condition or combination of conditions that will assure the presence of the defendant based upon the unrebutted presumption. In the alternative, I find that even in the absence of the presumption, the government has met this burden of showing that he is a flight risk, based upon his repeated failures to appear, his misbehavior while under court supervision and while on parole, including cutting off a tether. Defendant has a continuous record of substance (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 13, 2013

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

ecstasy in the past.

Defendant has approximately 11 convictions as an adult.  Particularly troubling is his record of failing to appear on approximately 11 occasions, including once for an arraignment and once for jury selection.  His behavior while on parole has been no better than while on bond.  Following a conviction for fleeing and eluding in 2001, defendant was sentenced to one to five years in prison.  After he was placed on parole, he was twice returned to prison for violations of parole.  In 1994, after being placed on probation as a ward of the court for delivery of cocaine, he tested positive for the use of marijuana, was arrested for being AWOL from the program, and for cutting off his tether.  Less than one month after being terminated from this juvenile program, he became an adult and was convicted of a new delivery of controlled substances charge and sentenced to 2 to 20 years in prison.

Defendant indicates he has been assisting law enforcement but there is nothing to substantiate this claim, and his recent criminal behavior would suggest otherwise.  He has no permanent residence, since his girlfriend was just arrested and he had to move out of their apartment.  When the police found him at his mother's home, where he could apparently stay, his mother first denied he was there, and then admitted that he was but in the meantime, according to the police, he attempted to escape out a side window.

**Part II - Written Statement of Reasons for Detention** - (continued)

abuse and criminal activity that demonstrates an inability to conform his behavior to the expectations of society and to meet his obligations of bond.